IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FALCON AUTO REPAIR,**

      **Plaintiff,**

vs.                                                   Case No. 1:13-cv-509-KBM/RHS

**TRAVELER'S CASUALTY INSURANCE
COMPANY OF AMERICA,**

      **Defendant.**

## ORDER DENYING TRAVELER'S MOTION TO BIFURCATE AND STAY DISCOVERY REGARDING EXTRA-CONTRACTUAL CLAIMS

THIS MATTER comes before the Court on Traveler's Memorandum Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims (Doc. 27). The Court has reviewed the Motion, Plaintiff's Response (Doc. 29), and Defendant's Reply (Doc. 31). Defendant Travelers "requests that all proceedings, including discovery, related to Plaintiff's claim under the Unfair Practices Act be stayed until there has been a determination as to the amount of coverage that is owed under the Traveler's insurance policy." The undersigned will address only whether discovery will be bifurcated and stayed; all other matters are the province of the trial court. After careful review, the Court concludes that the Motion is not well-taken with regard to the request to bifurcate and stay discovery, and discovery will not be bifurcated or stayed.

Plaintiff sued Defendant over the handling of Plaintiff's insurance claim from a fire at a business property. Plaintiff asserts two counts: (1) Breach of Contract and (2) Violation of Unfair Practices Act (Doc. 1-1). Defendant would like to proceed on the breach of contract claim and have the violation of Unfair Practices Act (UPA) stayed. According to Defendants, the discovery

for the breach of contract claim is completely different than the discovery for the UPA claim (Doc. 27 at 5).   The Court is not persuaded that the discovery is completely different and does not see that any interest in justice, efficiency or judicial economy is served by staying discovery on the UPA claim until the resolution of the breach of contract claim.   The discovery propounded by Plaintiff that Defendant contends relates only to the UPA claim does have logical ties to the breach of contract claim, which would further complicate any attempt to bifurcate discovery interrogatory by interrogatory.   The discovery process can be completed more efficiently by completing it in its entirety rather than piecemeal.

     THEREFORE, Traveler's Motion to Bifurcate and Stay Discovery Regarding Extra-Contractual Claims (Doc. 27) is DENIED to the extent that Defendants seek to bifurcate or to stay any part of discovery.   All other matters are reserved for the trial court.

*/s/ Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE